UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STACEY L. PAUL

VERSUS

CITY OF PORT ALLEN, ET AL

CIVIL ACTION

NUMBER 08-595-JJB-SCR

**ORDER**

Following a discovery request from the plaintiff, counsel for defendant West Baton Rouge Sheriff Mike Cazes provided the court with the entire personnel filed of defendant Casey Batts for an in camera inspection.[1]

As to defendant Batts, the plaintiff made the following allegations:

> 19. Your Petitioner was transported to the West Baton Rouge Parish Detention Center. In retribution for the injury sustained by Thompson, Your Petitioner was beaten by Deputy Batts, Deputy Bradford, Deputy Johnston and Deputy Gary Frith who are each employed by the West Baton Rouge Parish Sheriff's Office. Arceneaux, Thompson, and Jones encouraged the beating. The force used by Batts and others was excessive. Your Petitioner never did anything at the parish detention center at the time he was beaten to necessitate the use of any force.
>
> ...
>
> 22. Based upon information and belief, defendant Thompson, Batts, Bradford, Johnston, Jones, Frith and Arceneaux have similarly struck other citizens, suspects, prisoners and inmates or permitted the striking without provocation or just cause; however, no adequate investigation, disciplinary or remedial actions has ever been taken against them. Nor has the city, its Chief of

---

[1] Record document number 44.

>Police, the warden, nor the sheriff taken adequate disciplinary measures against officers and deputies despite that the city and sheriff having knowledge of and being in a position to be aware of constitutional violations committed by them and other law enforcement officers and correctional guards. Defendants knew or should have know of pervasive physical abuse administered by police officers, deputies and guards of inmates.

Based on other discovery in the case, by letter dated August 7, 2009, counsel for the plaintiff requested the court to also examine the defendant's personnel file for any documents relevant to diagnosis or treatment for post-traumatic stress disorder.

Because it is apparent from a review of the pleadings that Batts' credibility will be a materials issue in this case, his personnel filed was also reviewed to determine whether any documents in it would be relevant to that issue.

Pursuant to these requests the court determined that five sets of documents from Batts' personnel file could be relevant evidence and hence discoverable under Rule 26, Fed.R.Civ.P.  These are:

1) the June 22, 2006 letter from Sheriff Michael B. Cazes to defendant Batts and the Employee Warning Record the same date.

2) the Employee Warning Record dated 01/29/04 and the related five page incident report the same date.

3) the 12-12-01 memorandum from Capt. Cazes "RE: SUSPENSION, DY. CASEY BATTS," along with the 12/10/01 report from Capt. Jewel Cazes and the Daily Sign In Sheet for 12-8-01 and for 12-9-01 which are attached to his report and the memorandum.

4) PART A - MEDICAL HISTORY form, pages 1 and 2 (undated, apparently completed as part of an application for medical insurance coverage).

5) BRC Internal Medicine Progress Notes, dated "8/19/02," pages 1 and 2.

These five sets of documents are responsive to the plaintiff's discovery request and relevant to the plaintiff's claims or a defendant's defenses. Therefore, they are discoverable under Rule 26, Fed.R.Civ.P., and shall be produced to the plaintiff.[2]

Baton Rouge, Louisiana, August 21, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Neither the defendant's personnel file nor the documents described above will be filed in the record. However, the will be retained for the purpose of review by the district judge in the event of any appeal of this order pursuant to Rule 72(a), Fed.R.Civ.P. They will be returned to counsel for defendant West Baton Rouge Sheriff Mike Cazes if all parties agree they may be returned.